Opinion filed September 12, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00353-CV

_____

## AMANDA MARIE COCI AND HEART OF TEXAS EMS, INC., D/B/A HEART OF TEXAS EMS, Appellants

## V.

## APRIL DOWER, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1801020**

## DISSENTING OPINION

Because I believe this personal injury lawsuit involves a health care liability claim, I respectfully dissent from the majority's opinion. The majority affirms the trial court's denial of a motion to dismiss based on the plaintiff's failure to file an expert report under the Texas Medical Liability Act (TMLA). I would reverse.

The plaintiff alleged that she was injured while a passenger in an ambulance that was involved in a single-vehicle accident. The plaintiff was accompanying her

minor daughter, who was being transported by ambulance from one medical facility to another. Under the TMLA, a health care liability claim includes a cause of action against a health care provider for a "departure from accepted standards of . . . safety or professional or administrative services directly related to health care." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West 2017). When the accepted standards of "safety" are at issue, the alleged departure need not actually be "directly related" to health care; there need only be "a substantive nexus" between the safety standards allegedly violated and the provision of health care. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015).

I would hold that there is a substantive nexus to the provision of health care when a patient or a passenger escorting that patient is injured while being transported in an ambulance to a medical facility. *See Bain v. Capital Senior Living Corp.*, No. 05-14-00255-CV, 2015 WL 3958714, at *1–4 (Tex. App.—Dallas June 30, 2015, pet. denied) (mem. op.); *see also Sherman v. HealthSouth Specialty Hosp., Inc.*, 397 S.W.3d 869, 872–74 (Tex. App.—Dallas 2013, pet. denied). I respectfully disagree with the majority's analysis in this regard and with the case upon which the majority relies: *City of Houston v. Hussein*, No. 01-18-00683-CV, 2019 WL 1246417, at *8 (Tex. App.—Houston [1st Dist.] Mar. 19, 2019, no pet. h.).

KEITH STRETCHER

September 12, 2019                JUSTICE

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.